IN THE COURT OF CRIMINAL APPEALS
OF TEXAS



NOS. WR-80,792-03 & WR-80,792-04




EX PARTE MICHAEL SCOTT BAUGHMAN, Applicant




ON APPLICATIONS FOR WRITS OF HABEAS CORPUS
CAUSE NOS. 2012F00133 & 2013F00091 IN THE 5TH DISTRICT COURT
FROM CASS COUNTY




            Per curiam.

O P I N I O N

            Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court these applications for writs of habeas corpus. Ex
parte Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of sexual
assault of a child and retaliation and sentenced to eleven and ten years’ imprisonment, respectively. 
            Applicant contends that his counsel rendered ineffective assistance because he failed to
timely file notices of appeal. 
            The trial court has determined that counsel failed to timely file notices of appeal. We find
that Applicant is entitled to the opportunity to file out-of-time appeals of the judgments of
convictions in Cause Nos. 2012F00133 and 2013F00091 from the 5th District Court of Cass County. 
Applicant is ordered returned to that time at which he may give written notices of appeal so that he
may then, with the aid of counsel, obtain meaningful appeals. It appears that Applicant is
represented by counsel. Within ten days of the issuance of this opinion, the trial court shall determine
if Applicant is represented by counsel, and if not, whether Applicant is indigent. If Applicant is
indigent and wishes to be represented by counsel, the trial court shall immediately appoint an
attorney to represent Applicant on direct appeal. All time limits shall be calculated as if the
sentences had been imposed on the date on which the mandate of this Court issues. We hold that,
should Applicant desire to prosecute an appeal, he must take affirmative steps to file written notices
of appeal in the trial court within 30 days after the mandate of this Court issues.
            Copies of this opinion shall be sent to the Texas Department of Criminal Justice-Correctional
Institutions Division and Pardons and Paroles Division. 
 
Delivered: May 14, 2014
Do not publish